

**CUDDY +FEDER LLP**

445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
T 914 761 1300
F 914 761 5372
cuddyfeder.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 1 8 2019

**MOTION DENIED**

*George B. Daniels*

Judge George B. Daniels

OCT 2 2 2019

October 17, 2019

**BY ECF**

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl St., Room 1310
New York, NY 10007

    Re:    LCSI Holdings, LLC, et al v. Therapure Biopharma, Inc. et al
           Case No. 1: 19-cv-05304 (GBD)
           Modifying stay of discovery given adjournment of oral argument

Dear Judge Daniels:

We represent Plaintiffs in the above-captioned matter, in which the parties appeared before Your Honor for a preliminary conference earlier this week on October 15th. Upon oral request of counsel for Defendant Catalyst at the conference, Your Honor agreed to stay discovery (other than Initial Disclosures) until oral argument occurred on Defendants' motions to dismiss, which were scheduled to take place on either November 14 or November 21. Your Honor indicated that the initial stay of discovery would be relatively short and would be revisited at the time of the oral argument on the motions.

As Your Honor is aware, the oral argument date has now been pushed back a month later to December 18, 2019. In light of the above, we respectfully request that the court modify the stay so as to permit only paper discovery to take place prior to the newly scheduled oral argument date, at which time the issue of whether the stay should be continued can be revisited. We submit that the scope of discovery would be limited, not overly burdensome and that the mere filing of a motion to dismiss does not satisfy the "good cause" burden upon a party seeking a protective order staying discovery.

We appreciate the court's consideration of this request.

Respectfully submitted,

Joshua E. Kimerling

cc:    Victoria V. Cordor, Esq.
       Anna Vinogradov, Esq.
       Jeffrey Lewis, Esq.
       Jonathan Hochman, Esq.
       Brendan Goodhouse, Esq.